UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

vs.                                      **Criminal No. 6:10-cr-60004**

**MISTY AKIN**                                                           **DEFENDANT**

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is the Government's Amended Petition to Revoke Supervision. ECF No. 27.[1] This Amended Petition was filed on April 26, 2012. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson referred this matter to this Court for the purpose of making a report and recommendation. This Court held a hearing on the Amended Petition on June 7, 2012 in Hot Springs, Arkansas. All Parties appeared at this hearing, and Misty Akin ("Defendant") was represented by counsel.

**1. Background**

Defendant was sentenced on September 28, 2011, before The Honorable Robert T. Dawson after pleading guilty to the offense of Identity Theft and Fraudulent Use of Access Device. ECF No. 19. The offense of Identity Theft carried a statutory maximum imprisonment term of 15 years. The offense of Fraudulent Use of Access Device carried a statutory maximum imprisonment term of 10 years. Defendant was sentenced to 12 months and 1 day imprisonment, on each count to run concurrently, followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include submission to a search conducted by U. S. Probation Office upon

---

[1] The docket entries are referenced by "ECF No. ____."

suspicion of a violation of a condition of supervised release and a prohibition of incurring any new debt or establishing bank or credit accounts unless prior approval is obtained.  ECF No. 19.  Defendant was also ordered to pay monetary penalties including a $200.00 assessment and restitution of $14, 299.00 to be paid after incarceration in installments of not less than $100.00 a month.  *Id.*  On September 21, 2011, Defendant completed her period of imprisonment and began service of the supervision term.

In its Amended Petition to Revoke, (ECF No. 27) the Government alleges Defendant violated the following conditions:

1) **New Law Violation.**  Specifically, the Government alleges  Defendant is currently under investigation by the Sherwood, AR Police Department for Fraudulent Use of a Credit Card.  According to the police report, Defendant is accused of utilizing credit cards belonging to her employer and house mate, Gene Williams, to make purchases totaling $4,533.56 in the days following his December 14, 2011 death.  Defendant was charged with five counts of Fraudulent Use of a Credit Card.

2) **Defendant shall notify the probation officer ten days prior to any change of residence or employment.**  Specifically, the Government alleges Defendant was evicted from her residence in Sherwood, Arkansas on December 19, 2011 and was arrested on February 17, 2012 in Memphis, Tennessee and at no time did Defendant obtain permission to reside in Tennessee.

3) **Defendant shall not leave the judicial district without the permission of the Court or probation officer.**  Specifically, the Government alleges Defendant was in Branson, Missouri on or about December 14, 2011 without the permission of her probation officer.

4) **Defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.**  Specifically, the Government alleges Defendant has failed to make any payments toward her restitution since her release

in September 2011. Defendant was ordered to pay monetary penalties including a $200.00 assessment and restitution of $14, 299.00 to be paid after incarceration in installments of not less than $100.00 a month.

This Court held a revocation hearing June 7, 2012. At the hearing on the Government's Amended Petition to Revoke, Defendant denied having violated the first, second, and fourth allegations and plead "No Contest" to the third allegation. The Government called five witnesses which included U. S. Probation Officer Joel Humphrey, U. S. Probation Officer Jeff Means, Detective Jamal Hockaday with the Sherwood, AR Police Department, Debbie Plyer, and Glen Williams. The Defendant did not call any witnesses.

U. S. Probation Officer Joel Humphrey testified that Defendant was told of her conditions of release upon her release from the Bureau of Prisons ("BOP") on September 21, 2011. These conditions included she shall not commit another federal, state or local crime, shall not travel outside the judicial district without permission, shall not change her residence without prior notice and permission, and shall make monthly payments towards her financial penalty.

Officer Humphrey also testified he attended an Arkansas state parole revocation hearing on May 9, 2012. Defendant testified at this hearing. According to Humphrey, Defendant testified she was in Tennessee when arrested based upon valid travel approval and had requested her release supervision be transferred to the state of Tennessee.

Finally, Officer Humphrey testified he had reviewed the payment record for Defendant's monetary penalties and these records showed Defendant had not made a single payment of restitution since her release from the BOP in September 2011.

U. S. Probation officer Jeff Means testified he began supervision of Defendants release on

September 23, 2011 when her case was transferred to the Eastern District of Arkansas. According to Officer Means, he did approve a travel request for Defendant to visit family in Summerville, TN from December 20, 2011 through December 26, 2011. He testified he approved no other out of jurisdiction travel for Defendant and did not approve a change in residence for Defendant. Officer Means testified Defendant was arrested in Memphis, TN on February 26, 2012 on an Arkansas state court charge of theft.

Officer Means testified Defendant resided with Gene Williams in Sherwood, AR upon her release from incarceration. According to Means, following the death of Mr. Williams in December 2011, Defendant was evicted from the residence by the family of Gene Williams. This eviction happened on December 19, 2011. Officer Means testified he was never notified by Defendant of this eviction.

Detective Jamal Hockaday of the Sherwood, AR Police Department testified he was the lead detective on a investigation involving an unauthorized use of a credit card belonging to Gene Williams by Defendant. Detective Hockaday testified Defendant made purchases of $4,533.56, by use of a credit card belonging to Gene Williams, in the days following the death of Gene Williams on December 14, 2011. Detective Hockaday testified that based upon his investigation, an arrest warrant is outstanding for Defendant for the charge of fraudulent use of a credit card.

Debbie Plyer, daughter of Gene Williams also testified at the hearing. According to Ms. Plyer, Defendant was in Branson, Missouri on December 13, 2011 with her father the day before he died. In the days following her father's death, Defendant began to make several purchases of items which Ms. Plyer would later learn were paid for by use of credit card belonging to her father, Gene Williams. According to Ms. Plyer, Defendant was confronted on December 19, 2011 about her use of this credit

card. Following this confrontation, a credit card belonging to Gene Williams was returned by Defendant. Subsequent to this, Defendant was evicted from the home Gene Williams.

Glen Williams, son of Gene Williams also testified at the hearing. He testified he was present in Branson Missouri, when Defendant was there on December 13, 2011. Mr. Williams testified he was present when the family of Gene Williams confronted Defendant on December 19, 2011, regarding her suspected use of Gene Williams's credit card. He testified Defendant admitted having the card and using it after Gene Williams's death. He also testified he observed Defendant in possession of several other credit cards.

Defendant did not present any witnesses. Defendant also declined to make a statement when offered the opportunity by the Court at the conclusion of the hearing. The Government asked the court to sentence the Defendant to the maximum allowable sentence, 24 months imprisonment. Defendant requested she be allowed to serve any period of imprisonment in a facility as near as possible to Tallahassee, Florida.

**2. Applicable Law**

Under 18 U.S.C. § 3583(e)(3), a court may revoke a term of supervised release and impose a sentence of imprisonment, if it finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. This Court finds, by a preponderance of the evidence, Defendant violated her conditions of supervised release as alleged in each of the four allegations in the Government's Amended Petition.

**3. Discussion**

Based on the evidence presented at the hearing, as discussed above, this Court finds, by a preponderance of the evidence, Defendant violated her conditions of supervised release as alleged in

each of the four allegations in the Government's Amended Petition.

Defendant's Criminal History Category is III. Each of the violations of supervised release found in this order are Grade "C" violations. The maximum range of imprisonment is twenty (24) months and the range of imprisonment recommended by the United States Sentencing Commission is 5-11 months imprisonment for these violations. The maximum range of additional supervised release to follow any additional term of imprisonment is thirty-six (36) months and the range of additional supervised release recommended by the United States Sentencing Commission is not more than thirty-six (36) months less any term of imprisonment imposed for these violations.

Based upon this foregoing, the undersigned believes the recommended range of imprisonment is not sufficient in light of the continuing and egregious conduct in violation of the terms of her supervised release. Accordingly, the Court recommends the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with credit for time having served following her arrest on February 17, 2012, with an eighteen (18) month term of supervised release to follow said term of imprisonment. All original conditions of supervision to be in effect upon her release from imprisonment. Further, payment of $14,299.00 in restitution remains in place.

### 4. Conclusion

In accordance with the foregoing, this Court recommends Government's Amended Petition to Revoke Supervision (ECF No. 27) be **GRANTED.** Based on the forgoing, it is

**RECOMMENDED** that Defendant be found to have violated the terms of her supervised release as alleged in the four allegation of the Amended Petition. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with credit for time served following her arrest on February 17, 2012. It is further

**RECOMMENDED** that following her release from imprisonment, Defendant be committed to serve an eighteen (18) month term of supervised release, subject to the conditions of supervised release as set out previously by this Court. It is further

**RECOMMENDED** that all previously imposed fines, restitution and costs remain in place against defendant. It is further

**RECOMMENDED**, that the Court recommend to the Federal Bureau of Prisons the Defendant be housed during her incarceration as near as possible to Tallahassee, Florida.

**Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.** *See* **28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days after service will bar an aggrieved party from** *de novo* **review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the court except on grounds of plain error or manifest injustice.**

**ENTERED** this **13th day of June 2010.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

7